No. 13,793.

DONALDSONVILLE ICE COMPANY VS. SCHLITZ BREWING COMPANY.

SYLLABUS.

1. Applications for *certiorari* or the writ of review, under Article 101 of the Constitution, are not considered suits to be brought in the name of the State, on the relation of the applicant.

2. The petition for this writ should be presented simply in the name of the plaintiff, or defendant, as the case may be, who is the applicant, preserving the original caption of the suit.

3. The writ of review is differentiated, in this respect, from the remedial and supervisory writs of the law.

IN RE Donaldson Ice Company applying for *certiorari*, or writ of review, to the Court of Appeals, Fifth Circuit, Parish of Ascension,· State of Louisiana.

---

*Edmund Maurin,* for Petitioner.

---

*Edward N. Pugh,* for Respondent.

---

The opinion of the court was delivered by

BLANCHARD, J.   The petition herein begins as follows:

"The petition of the State of Louisiana on the relation of the Donaldsonville Ice Company", etc.

The court has observed that most of the petitions addressed to it, embodying applications for the writ of review, begin in like manner.

This is not deemed the proper form in which to present the application.

Applications such as this are not considered suits to be brought in the name of the State on the relation of the applicant.

The *"certiorari"* of Art. 101 of the Constitution of 1898 is intended to subserve a different purpose from the writ of *certiorari* given by the Code of Practice.

Applications for the remedial writs of the law, of which the Code of Practice writ of *certiorari* is one, have always been brought in the name of the State on the relation of the applicant.

This is considered correct and the practice should continue.

But the writ accorded by Art. 101 of the Constitution, being designed to effectuate a different purpose, should be kept differentiated as much as possible from the purely remedial and supervisory writs.

With this end in view, as well as to preserve, in all its different stages, the *distinctiveness,* the individual character, the uniformity, of the cause in which the application for the writ of review is made, the clerk of this court was, early, instructed not to give to these applications the title "State *ex rel.* so and so vs. so and so", but to preserve the original caption of the suit by giving to the application made here the same title the cause bore in the court of the first instance and in the Court of Appeals.

In conformity with this, petitions addressed to this court for the writ of review should begin: The petition of......, plaintiff (or defendant, as the case may be) in the cause entitled......vs....., lately pending in the Court of Appeals for the......Circuit, Parish of......, State of Louisiana, with respect represents, etc. The term "relator" should not be used, but, instead, simple "plaintiff" or "defendant", as the case may be.

These observations are submitted in the interest of a better and more uniform practice in such cases, and for the guidance of the profession.

With regard to the instant application, it is not considered that the case presents those exceptional features, whether of law or fact, which, under the rule announced in repeated decisions, justify the granting of the writ of review, and the same is, accordingly, denied.